**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RODRICK BRAYBOY,** | **CIVIL ACTION** |
| Petitioner, | |
| *v.* | **NO. 23-4139-KSM** |
| **B. MASON, et al.,** | |
| Respondents. | |

## MEMORANDUM

**MARSTON, J.**                                                            **February 20, 2025**

Pro se petitioner Rodrick Brayboy, who is currently incarcerated at State Correctional Institution – Mahanoy, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (*See* Doc. No. 1.)  The Court referred Brayboy's petition to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation ("R&R").  (Doc. No. 5.)  Brayboy subsequently filed a Motion for Judgment of Acquittal (Doc. No. 7), a Motion for Summary Judgment (Doc. No. 11), and a Motion for Release on Petitioner's Own Recognizance (Doc. No. 25).  On September 30, 2024, Judge Sitarski entered an R&R recommending that the Court dismiss with prejudice Brayboy's petition and motions for judgment of acquittal, summary judgment, and release on his own recognizance.  (Doc. No. 34.)  Brayboy filed objections to the R&R (Doc. No. 38) and a request for default judgment as to his habeas petition and motion for summary judgment (Doc. No. 43).

For the following reasons, Brayboy's objections are overruled, and the Court adopts the R&R in its entirety and denies Brayboy's petition; his motions for judgment of acquittal, summary judgment, and release on his own recognizance; and his request for default judgment.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The Pennsylvania Superior Court, on direct review of Brayboy's judgment of sentence,

succinctly summarizes the factual background and procedural history of this case:

> [O]n April 11, 2009, Appellant was arrested and charged with the [the crimes of persons not to possess a firearm, firearm carried without a license, two counts of aggravated assault, driving under the influence, two counts of terroristic threats, theft by receiving stolen property, and resisting arrest]. Appellant, through counsel, filed several pretrial omnibus motions, including a motion to suppress and a motion to dismiss based upon Pa.R.Crim.P. Rule 600, prior to the commencement of his jury trial on February 2, 2011. Appellant also filed numerous *pro se* omnibus pretrial motions while represented by counsel.
>
> A suppression hearing began on January 28, 2010 and was continued and concluded on May 12, 2010. Following the hearing, [the trial] court denied Appellant's "Motion to Suppress Evidence" on June 14, 2010. . . . [The trial] court also denied Appellant's "Motion to Dismiss Pursuant to Pa.R.Crim.P. Rule 600" in open court following a hearing on August 10,
>
> Prior to trial Appellant also filed several interlocutory appeals with the Superior Court. On February 2, 2011, [the trial] court proceeded to trial based upon Pa.R.A.P. Rule 1701(b)(6). Following a two day trial, a jury found Appellant guilty of all charges except one [of his two] count[s] of aggravated assault. On March 23, 2011, [the trial] court sentenced Appellant to the following:
>
> > *Information A. Persons not to possess a firearm:* 60 to 120 months of incarceration in state prison.
> >
> > *Information B. Firearms not to be carried without a license:* 42 months to 84 months of incarceration in state prison, concurrent to Information A.

---

[1] The Court takes judicial notice of Brayboy's state trial court docket, available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-23-CR-0005604-2009&dnh=QUHG826EnDTvhu4PHZECBw%3D%3D (last visited Feb. 20, 2025), his state appellate court docket, available at https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=2322%20EDA%202013&dnh=2sLizkpZyNKaxM9R38BqXw%3D%3D (last visited Feb. 20, 2025), and his Pennsylvania Supreme Court docket, available at https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=820%20MAL%202014&dnh=mUglOAufLJN7w4MFc%2BA7VA%3D%3D (last visited Feb. 20, 2025).

*Information C. Aggravated assault:* 27 months to 54 months of incarceration in state prison, concurrent to Information A & B.

*Information D. DUI,* Tier 3, refusal: 72 hours to 6 months of incarceration in state prison, concurrent to Informations A, B, & C.

*Information E. Terroristic threats:* Count one: 6 months to 12 months of incarceration in state prison, consecutive to Information A. Count two: 6 months to 12 months of incarceration in state prison, consecutive to Information A and E1.

*Information F: Receiving stolen property:* 3 years of state probation, consecutive to Information A, B, C, D, E1 & E2.

*Information I: Resisting arrest:* 2 years of state probation, consecutive to Informations A, B, C, D, E1, E2 & F.

Appellant was also ordered to complete a drug and alcohol evaluation, a Court Reporting Network [CRN] evaluation, submit to DNA testing, Safe Driving School, pay a fine of $1,000, and forfeit the firearm relating to the incident. Appellant was ordered to comply with the general rules and regulations governing probation and/or parole.

On April 21, 2011, Appellant filed a direct appeal. Thereafter, trial counsel petitioned for leave to withdraw and Steven O'Meara, Esquire, was appointed to represent Appellant on his appeal. Thereafter, on November 15, 2011, Appellant's appeal was dismissed for counsel's failure to file a brief. Thereafter, Appellant filed a "Motion for Post– Conviction Collateral Relief" seeking reinstatement of his appeal rights *nunc pro tunc*. Counsel was appointed, and following an amended petition, a response from the Commonwealth, and a hearing on this motion, [the trial] court granted this petition on July 10, 2013. Appellant filed the instant appeal on August 5, 2013.

*Commonwealth v. Brayboy*, No. 2322 EDA 2013, 2014 WL 10795277, at *1–2 (Pa. Super. Ct. Oct. 8, 2014) (citing *Commonwealth v. Brayboy*, No. CP-23-CR-0005604-2009, Opinion at 1–3 (Del. Cnty. Ct. Com. Pl. Mar. 5, 2014) ("Trial Court Opinion")). The Pennsylvania Superior Court affirmed the judgment of sentence on October 8, 2014. *Id.* at *9. Brayboy appealed the Superior Court's ruling to the Pennsylvania Supreme Court on November 7, 2014, but then filed

a praecipe to discontinue his petition for allowance of appeal on January 27, 2015. *See* Pa.

Supreme Court Docket at 3. Pennsylvania state court review of Brayboy's direct appeal

concluded no later than February 20, 2015.[2]

Brayboy filed this pro se habeas petition on October 15, 2023.[3] (Doc. No. 1.) His

petition raises two grounds for relief based on (1) "lack of territorial and personal jurisdiction"

and (2) double jeopardy and illegal detention in violation of his Fifth and Fourteenth Amendment

due process rights. (*Id.* at 5, 7.) The Commonwealth opposes the petition, arguing that it is

untimely because it was filed more than seven years after the deadline to file a habeas petition

expired, and Brayboy is not entitled to statutory or equitable tolling of his habeas limitations

period or excepted from the statute of limitations based on "actual innocence." (*See* Doc. No.

22.) Brayboy also filed motions for judgment of acquittal (Doc. No. 7), summary judgment

(Doc. No. 11), and release on his own recognizance (Doc. No. 25), to which the Commonwealth

did not respond.

On September 19, 2024, Judge Sitarski entered an R&R, recommending dismissal of

Brayboy's petition with prejudice because "it is untimely, and not subject to statutory or

equitable tolling." (Doc. No. 34 at 8–9.) Judge Sitarski further recommended the dismissal of

---

[2] As the R&R notes, the Commonwealth represents that Brayboy's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on February 20, 2015 (*see* Doc. No. 22 at 3), but the relevant documents for determining the date that state court review terminated are not contained in the state court record presently with the Court, so the Court uses the date most advantageous to Brayboy for evaluating timeliness, February 20, 2015, as the date that state court review terminated. (*See* Doc. No. 34 at 3 n.2.) Nevertheless, as discussed below, whether February 20, 2015 or January 27, 2015 is used as the operative date for purposes of triggering the habeas statute of limitations, Brayboy's habeas petition falls well outside of the limitations period.

[3] Pennsylvania and federal courts employ the prisoner mailbox rule, pursuant to which a pro se petition is deemed filed when it is given to prison officials for mailing. *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287, 1288–89 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001).

Brayboy's motions for judgment of acquittal, summary judgment, and release on his own

recognizance with prejudice because Brayboy's "entire federal habeas matter is untimely under

AEDPA," and Brayboy "cannot sidestep AEDPA's statute of limitations simply by filing

motions to undo his conviction, or to otherwise be let out of jail, in a habeas matter that is itself

untimely." (*Id.*)  Brayboy filed objections to the R&R on September 25, 2024.  (Doc. No. 38.)

On January 13, 2025, Brayboy filed a request for default judgment as to his habeas petition and

motion for summary judgment.  (Doc. No. 43.)

## II.    LEGAL STANDARD

"In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's

objections to a magistrate judge's report and recommendation." *Piasecki v. Ct. of Common*

*Pleas*, No. 14-cv-7004, 2021 WL 1105338, at *3 (E.D. Pa. Mar. 23, 2021).  Under Local Rule

72.1.IV(b), a petitioner must "specifically identify the portions of the proposed findings,

recommendations, or report to which objection is made and the basis for such objections." *Id.*

(quoting *Savior v. Superintendent of Huntingdon SCI*, No. 11-cv-5639, 2012 WL 4206566, at *1

(E.D. Pa. Sept. 20, 2012)).

When a party objects to a magistrate judge's findings, the district court must make "a *de*

*novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *United States v. Raddatz*,

447 U.S. 667, 673 (1980).  "Ultimate adjudicatory power" resides with the district court "after

receiving assistance from and the recommendation of the magistrate." *Raddatz*, 447 U.S. at 692.

And after reviewing the magistrate judge's conclusions, the district court may "accept, reject, or

modify, in whole or in part, the findings or recommendations" and "receive further evidence, or

recommit the matter to the magistrate with instructions."  28 U.S.C. § 636(b)(1); *Raddatz*, 447

U.S. at 673–74.  But "[o]bjections [that] merely rehash an argument presented to and considered

by a magistrate judge are not entitled to *de novo* review." *Gray v. Delbiaso*, No. 14-cv-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017); *see also Prout v. Giroux*, No. 14-cv-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016) ("Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled.").

## III.    DISCUSSION

The Court first addresses Brayboy's objections to Judge Sitarski's recommendations before turning to Brayboy's request for default judgment, which was filed after Judge Sitarski entered the R&R.

### A.    Judge Sitarski's Findings and Conclusions

As stated above, Judge Sitarski recommends dismissal of Brayboy's petition because it is untimely and not subject to statutory or equitable tolling. The Court discusses the standards governing these concepts in turn before addressing the substance of Brayboy's objections to Judge Sitarski's recommendations.

#### 1.    Legal Standards

Brayboy's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241. AEDPA imposes a one-year limitation period on the filing of new habeas petitions pursuant to 28 U.S.C. § 2254, which runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1).  "AEDPA's 1-year limitations period 'quite plainly serves the well-recognized interest in the finality of state court judgments.'  It 'reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review.'"  *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

AEDPA creates a tolling exception to this one-year limitation period, which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The Court "look[s] to state law governing when a petition for collateral relief is properly filed."  *Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003) (quoting *Fahy v. Horn*, 240 F.3d 239, 243–44 (3d Cir. 2001)).

AEDPA's one-year limitation period is also subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 634 (2010).  "Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'"  *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Merritt*, 326 F.3d at 168).  A petitioner seeking equitable tolling must show that "he has been pursuing his rights diligently" and that "'some extraordinary circumstances stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at

7

649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis omitted)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (internal quotations and citations omitted); *see Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." (internal quotation omitted)). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013). Equitable tolling may be appropriate under the following circumstances: "(1) [if] the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Satterfield*, 434 F.3d at 195 (quoting *Fahy*, 240 F.3d at 244).

Finally, a petitioner can overcome AEDPA's time bar by proving "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To invoke this actual innocence exception, the petitioner must "demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)); *see McQuiggin*, 569 U.S. at 386. This standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

### 2.    <u>Analysis</u>

With these legal standards in mind, the Court proceeds with its evaluation of the four discrete bases for Brayboy's objections, addressed in turn below.

### a.    Delays Caused by Judge Sitarski

Brayboy raises two objections pertaining to purported delays in the instant action caused by Judge Sitarski.  First, he argues that "[t]he appe[l]late court was without jurisdiction, after a[n] unnecessary delay by [Judge] Sitarski pertaining to this case, . . . which renders [the R&R] void."  (Doc. No. 38 at 1.)  Second, he claims that Judge Sitarski "delay[ed] the case past the time frame required by [28 U.S.C. § 2254] and the rules of [appellate] procedure pursuant to a writ of habeas corpus."  (*Id.*)  Section 2254 does not impose a timeframe for deciding habeas petitions filed by prisoners facing non-capital sentences like Brayboy (*see* 28 U.S.C. § 2261), nor do any "rules of appellate procedure" apply to the district court's resolution of a federal habeas petition.  Accordingly, these objections are overruled.

### b.    Statute of Limitations

Brayboy argues that the "statu[t]e of limitation argument should have been made during summarily dismissal stage."  (Doc. No. 38 at 1.)  To the extent Brayboy is objecting to the timing of the statute of limitations argument raised by the Commonwealth in its response to Brayboy's petition (Doc. No. 22), the Court finds that the Commonwealth properly and timely raised this argument in its response pursuant to Judge Sitarski's order (Doc. No. 6) and Rule 5, 28 U.S.C. § 2254.  And to the extent Brayboy is objecting to Judge Sitarski's overall conclusion that Brayboy's habeas petition is untimely, the Court agrees with Judge Sitarski and finds that Brayboy's petition is time-barred under AEDPA.

As Judge Sitarski concluded, the applicable starting point for AEDPA's one-year statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such" (Doc. No. 34 at 3 n.2), which is May 21, 2015— 90 days after the Pennsylvania Supreme Court's review of Brayboy's direct appeal ended, *see* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a

judgment of a lower state court that is subject to discretionary review by the state court of last

resort is timely when it is filed with the Clerk within 90 days after entry of the order denying

discretionary review."); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment

becomes final 'at the expiration of the time for seeking such review' [under 28 U.S.C.

§ 2244(d)(1)(A)]—when the time for pursuing direct review in this Court, or in state court,

expires.").  Brayboy thus had until May 23, 2016[4] to file a federal habeas petition, and he did not

file his instant habeas petition until October 15, 2023.

Brayboy is not entitled to statutory tolling of AEDPA's one-year limitation period

because he never filed an "application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim" following the termination of his direct appeal that

would trigger the tolling exception under 28 U.S.C. § 2244(d)(2).  Brayboy has not offered any

evidence or argument that "he has been pursuing his rights diligently" and "some extraordinary

circumstances . . . prevented timely filing" of his habeas petition that would entitle him to

equitable tolling of the statute of limitations.  *See Holland*, 560 U.S. at 649.  Nor has he put forth

any new evidence that would enable him to invoke the "actual innocence" exception to the time

bar.  *See McQuiggin*, 569 U.S. at 386; *Sistrunk*, 674 F.3d at 191.

In sum, the Court overrules Brayboy's objection that the "statu[t]e of limitation argument

should have been made during summarily dismissal stage," regardless of whether it is aimed at

the Commonwealth's response or Judge Sitarski's conclusion.

### c.    Motion for Summary Judgment

Brayboy contends that Judge Sitarski failed to rule on his motion for summary judgment

"in the time frame required by Federal Rule of Civil Procedure 56(b)."  (Doc. No. 38 at 2.)  Rule

---

[4] May 21, 2016 was a Saturday, so Brayboy had until the following Monday, May 23, 2016, to
file his petition.  *See* Rule 12, 28 U.S.C. § 2254; Fed. R. Civ. P. 6(a)(1)(C).

56(b) only provides the timeframe for filing *motions* for summary judgment—"at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Neither the federal nor local rules of civil procedure establish a time period within which a district court must decide a motion for summary judgment. Accordingly, Brayboy's objection is overruled.

### d.    Lack of Jurisdiction

Brayboy asserts that "his state criminal case is still without jurisdiction because [his] traffic stop was illegal per officer testimony in the second half of his suppression hearing [and] fruit of the [poisonous] tree doctrine, and also without subject matter jurisdiction which still leaves him confined with out [sic] jurisdiction and prosecuted without jurisdiction." (Doc. No. 38 at 2.) This objection merely restates one of Brayboy's claims for relief raised in his habeas petition, i.e., "lack of territorial and personal jurisdiction." (*See* Doc. No. 1 at 5.) Accordingly, without further addressing it, the Court overrules this objection. *See, e.g.*, *Prout*, 2016 WL 1720414, at *11 (overruling objections that simply "restate conclusory statements from the original petition"); *Becker v. Tennis*, No. 08-cv-05274, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011) (declining to address petitioner's objections that "are nothing more than a restatement of the underlying claims contained in his petition"); *Nghiem v. Kerestes*, No. 08-cv-4224, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to review petitioner's objections, which "merely re-articulate[] all his claims and theories for relief, which were addressed and dismissed by [the magistrate judge]," because additional review would be "duplicative").

### B.    Brayboy's Request for Default Judgment

After Judge Sitarski entered the R&R, Brayboy filed a request for default judgment on his habeas petition and motion for summary judgment. (Doc. No. 43.) Because the Court denies Brayboy's petition and motion for summary judgment, the Court denies this request for default

judgment as moot.

**IV.    CONCLUSION**

  For the reasons discussed above, the Court overrules Brayboy's objections to Judge Sitarski's R&R, adopts the R&R in its entirety, and denies Brayboy's petition; his motions for summary judgment of acquittal, summary judgment and release on his own recognizance; and his request for default judgment.

  An appropriate Order follows.